Strafford,
June 2, 1942. } No. 3332.

## G. Leroy Gowen *v.* Leroy V. Swain.

*Hughes & Burns* and *Walter A. Calderwood*, by brief, for the plaintiff.

*Cooper, Hall & Grimes*, by brief, for the defendant.

Per Curiam. The bond conformed with Superior Court Rule 133 (78 N. H. 708), and the meaning of the word "damages" as it appears in the rule is broad enough to include counsel fees incurred in establishing the impropriety of the injunction. The view that the expense of litigating the validity of the injunction is not a damage, is too narrow a one to invite discussion. Omission of the word "expenses" does not bar expenses from the inclusion of damages. The cases claimed to support the view either negative it or are neutral in regard to it. Rule 133 was not intended to modify the scope of earlier rules (Chancery Rule 36 adopted in 1859; readopted in 1875; Superior Court Rule 108 adopted in 1902). The bond, being given pursuant to the rule, is to be construed no differently.

The claim that both parties understood that when the bond was given it was not intended to cover counsel fees is not an issue presented in the case.

158

Since the defendant's other damages were nominal, their allowance should not exceed one dollar.

*Exception as to counsel fees overruled: exception as to other damages sustained.*